GERTRUDE L. RUNYON, RESPONDENT, v. COMMONWEALTH CASUALTY COMPANY, APPELLANT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *Elmer W. Romine.*

For the respondent, *Leon E. Cone.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was instituted in the Morris County Court of Common Pleas by the plaintiff as the beneficiary named in an accident insurance policy issued by the defendant corporation in 1909 to one J. Fred Runyon. One of the provisions of the policy was that the company insured the beneficiary against "the effects of bodily injuries sustained by the insured, or death, caused directly and independently of all other causes by external, violent and accidental means, which bodily injuries, *or their effects,* shall not be caused wholly or in part, directly or indirectly, by any bodily or mental disease, defect or infirmity." While the policy was in force, and on the 28th of January, 1929, the insured, Mr. Runyon, while walking along an icy pavement in Succasunna, Morris county, slipped on the ice and fell, fracturing his hip. He was taken to a hospital, where he remained for several days, and then was taken to his home. He died one month and seven days after the accident. At the time of his death he was about sixty-five years old. The plaintiff, after the death of the insured, demanded payment of the amount covered by the policy, and, upon her demand being refused, brought the present suit to recover that amount. The defendant company filed an answer denying liability, basing its denial upon the fact (as it alleged) that decedent's death was not caused directly and independently of all other causes by external, violent and accidental means, but resulted from injuries received from the fall, the effect of which, viz., the death of the insured, was contributed to by paralysis agitans, a disease from which he was then suffering for a number of years prior to the accident. The trial resulted in a verdict in favor of the plaintiff. From the judg-

ment entered on that verdict the company appealed to the Supreme Court, and that court affirmed the judgment. The present appeal is taken from the judgment of affirmance.

The principal contention of the appellant, both before the Supreme Court and before this court, is that the court of first instance erred in refusing a nonsuit, the motion being based upon the ground that, on the evidence submitted by the plaintiff, paralysis agitans was conclusively shown to have been a contributing cause to the decedent's death. The Supreme Court considered that the motion was properly denied, for the reason that the question as to whether this disease was a contributing cause to the death of the insured was one for the jury to determine.

In our opinion, the Supreme Court erred in so holding. The only witness who testified with relation to this phase of the case was one Dr. Plume, a witness called by the plaintiff, who had treated Mr. Runyon after he had been taken to the hospital and who continued to act as his physician after he had been taken to his own home. Dr. Plume signed the death certificate, in which he stated that the cause of death was as follows: "Fractured left hip from slipping on ice; duration, one month, seven days; contributory, paralysis agitans; duration, eleven years." In addition to this certificate, which was admitted in evidence without objection, Dr. Plume on his cross-examination as a witness testified that, although paralysis agitans would not aggravate the injury, yet the injury would necessarily aggravate the disease by lessening the resistance of the body, which had already been weakened by the disease; in other words, that it aggravated the result of the disease. The following question was put to him by counsel for the ·defendant on his cross-examination: "In this particular case, Mr. Runyon having suffered from paralysis agitans and having this injury, did not the two, working in conjunction with one another, tend to cause the death?" The witness replied, "yes, I think I can say it would." Then followed this question: "Now, of course, you realized that when you made out the death certificate, did you, doctor?" The witness answered, "yes, sir." This was all of the testi-

mony which was submitted bearing upon this question; and, in our view, it brought the case within the exempting condition contained in the policy to which reference has been made; in other words, that the death of the insured was not caused directly and independently of all other causes by external, violent and purely accidental means, but was caused to some extent by the bodily disease or infirmity from which Mr. Runyon was suffering at the time of the accident.

We conclude therefore that, in view of the uncontradicted testimony referred to, the refusal of the motion for a nonsuit was erroneous, and that, consequently, the judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, BODINE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 12.